**WHITE SANDS DEVELOPERS, INC.,**
Appellant,

v.

**T. R. FEHRENBACH, Trustee, et al.,**
Appellees.

**No. 4168.**

Court of Civil Appeals of Texas.

Waco.

Oct. 17, 1963.

Rehearing Denied Oct. 31, 1963.

**610**

Orrin W. Johnson, Harlingen, for appellant.

Garcia & Warburton, Brownsville, for appellees.

WILSON, Justice.

Construction of the rent-abatement provision in a lease, and a declaration that lessee-plaintiff had overpaid rental by approximately $2,000.00 were sought in this declaratory judgment action. Summary judgment based on pleadings and affidavits was rendered to the effect that lessee had made a $60.00 overpayment for a four-day period, and lessee appeals.

Appellee-lessor leased a tract on Padre Island to appellant for a 53-year term from December, 1957, upon which lessee erected a resort hotel. The lease provided for a minimum monthly rental of $450.00, or 5% of lessee's gross receipts, whichever was largest. During all of the period in question the $450.00 minimum rental exceeded 5% of gross receipts.

The lease recited that the land was subject to action of the sea and tides, and provided that lessee "accepts the same subject to all such hazards"; and that since the causeway connecting the island to the mainland and the boulevard on the island afforded the only feasible means of access, and since the leased premises were usable by lessee "only so long as such means of access are usable", in the event they were destroyed, damaged, inundated or otherwise rendered unusable by hurricane or other natural disaster, (but were nevertheless to be restored), the lease should not terminate,

"but *during such period of time* as the *causeway, its approaches, or road are not usable* the rent hereinabove provided for shall abate entirely * *

except that if the Lessee should operate on a reduced scale *during such period of time*, the minimum rent hereinabove provided for shall remain abated, but the Lessee shall pay the percentage rental while such limited operation shall continue, and the minimum rental shall remain *so* abated until the Lessee's operations shall produce receipts in such amount that the percentage rental equals or exceeds the minimum monthly payment *for the period involved* * * *."

On September 9, 1961 Hurricane "Carla" caused the island to be inundated and officials restricted traffic on the causeway and road to persons having personal business or interests on the island. The hotel was vacated on September 10, all guests having left the previous night. September 12th the secretary of lessee corporation and his wife returned to the hotel, although sea water still covered the road and prohibition of general public admission to the island continued. The secretary and his wife then began cleaning up, operated the telephone switchboard and made room reservations. The causeway approaches and road were damaged, inundated and unusable for four days from September 9th through September 12th, when repairs were completed and normal traffic resumed. The $450.00 monthly minimum rental continued to exceed 5% of lessee's gross receipts until April, 1962.

Lessee's position is that since the minimum rent abated from September 9th through September 12th while the causeway approaches and road were unusable; since the motel was operated on a reduced scale during such period; and since the lease provided the minimum rent should remain so abated until the percentage of gross receipts equalled the $450.00 minimum, it did not owe any rent until April, 1962. It says the lease should be construed to mean the minimum rent continued abated "until the date the minimum rent and percentage rent coincided."

The provision in question is clearly related and restricted under the language we have italicized to the time during which the $450.00 minimum monthly rental is to remain abated: "during such time as the causeway, its approaches, or road are not usable." If it be said, as lessee contends, that it operated the hotel "on a reduced scale", such operation is likewise referable, related and limited to "such period of time" as the causeway, approaches and road were unusable. Affirmed.